**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000502
23-JAN-2015
09:19 AM**

NO. CAAP-14-0000502

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CENTRAL PACIFIC BANK, Plaintiff-Appellee, v.
CHAD T. METCALFE, Defendant-Appellant, and
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAI'I,
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE "NON-PROFIT"
CORPORATIONS 1-50, AND DOE GOVERNMENTAL
UNITS 1-50, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0197(2))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Chad T. Metcalfe (**Metcalfe**) appeals from the Judgment entered on January 9, 2014 (**Judgment**) by the Circuit Court of the Second Circuit (**Circuit Court**),[1] on its January 9, 2014 Findings of Fact; Order Granting Plaintiff's Motion for Summary Judgment on All Claims and Against Defendants (1) Chad T. Metcalfe, and (2) Child Support Enforcement Agency, State of Hawaii; Interlocutory Decree of Foreclosure and Order of Sale filed on October 23, 2013, which was entered on January 9, 2014 (**Foreclosure Order**). Metcalfe also challenges the Circuit Court's February 25, 2014 Order Denying Defendant Chad T. Metcalfe's Combined Motion to Reconsider the Court's Order

---

[1] The Honorable Peter T. Cahill presided.

Granting Plaintiff's Motion for Summary Judgment on January 9, 2014 and Order Denying Defendant's Motion to Set Aside Entry of Default Judgment entered October 17, 2013 and to Set Aside Judgments (**Order Denying Reconsideration**).

Metcalfe raises three points of error on appeal, contending that the Circuit Court erred when it: (1) granted summary judgment in favor of Plaintiff-Appellee Central Pacific Bank (**CPB**) because there were genuine issues of material fact in dispute as to whether Metcalfe was in default; (2) granted summary judgment in favor of CPB because CPB failed to present a *prima facie* case for foreclosure; and (3) denied reconsideration. Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Metcalfe's points of error as follows:

(1 & 2) Default was entered against Metcalfe on April 4, 2013 due to Metcalfe's failure to answer the complaint. CPB's first motion for summary judgment and interlocutory decree of foreclosure (**First Summary Judgment Motion**) was filed on May 7, 2013 and heard by the Circuit Court on June 5, 2013, at the same time as Metcalfe's first motion to set aside entry of default. The April 4, 2013 entry of default was set aside. The First Summary Judgment Motion was denied based on one issue, *i.e.*, that there was a genuine issue of material fact as to whether CPB had agreed to accept a lower payment amount during the period of time that Metcalfe was attempting to negotiate a second loan modification.

Thereafter, on June 14, 2013, through their respective attorneys, CPB sent Metcalfe a letter informing him that his (second) loan modification application was incomplete, that CPB was not considering a further loan modification or forebearance on foreclosure, and would not accept partial payments on Metcalfe's account. CPB provided Metcalfe with a statement of the balance due and payable on his loan, not including attorneys' fees, and returned Metcalfe's check dated June 6, 2013, in the amount of $3,153.34, which purported to be a "hardship payment."

Metcalfe again failed to answer the complaint and default was again entered on October 17, 2013.

On October 23, 2013, CPB filed a second motion for summary judgment, which included, *inter alia*, the June 14, 2013 notice letter. Metcalfe again sought to set aside default and filed a memorandum in opposition to CPB's motion for summary judgment. At the December 11, 2013 hearing on the matter, although considering Metcalfe's opposition to summary judgment, as well as his request for relief from the second entry of default, the Circuit Court granted CPB's motion and denied Metcalfe's motion, explaining to Metcalfe that, with the second motion for summary judgment:

> [CPB] satisfied the one element of notice by submitting [the June 14, 2013 letter]. And you've put nothing in this regard to contradict that, and that's your burden.
>
> . . . .
>
> You've presented no evidence that you've brought the loan current, that they have actually agreed to the modification in writing. You've presented nothing.
>
> . . . .
>
> So, I do think you've proven it, [CPB]. You've satisfied the last element. There are no material questions of fact in dispute based upon [the June 14, 2013 letter], which is in the record. Mr. Metcalfe, you've presented arguments, but you haven't presented facts. . . .

On appeal, Metcalfe argues that the same issues raised by the Circuit Court at the June 5, 2013 hearing still exist because there was a dispute as to whether there was a default during the modification period. This argument is without merit. As Metcalfe was clearly informed, the modification period was over, no further modification or forbearance was agreed to, and Metcalfe was in default on his loan payments. Metcalfe fails to identify any other element that CPB failed to establish *prima facie* and we find none.

Accordingly, we conclude that the Circuit Court did not err in entering the Foreclosure Order.

(3)     On appeal, Metcalfe argues that the Circuit Court erred in denying reconsideration of the Foreclosure Order, and the order denying his second motion to set aside, because he was deprived of effective assistance of counsel when his first attorney misadvised him as to whether and when he had to answer the complaint.   Even assuming Metcalfe's initial counsel was grossly negligent and/or ineffective with regard to the defaults, Metcalfe failed, *inter alia*, to establish a meritorious defense to the Foreclosure Order and, thus, was not entitled to relief. See <u>Citicorp Mortgage, Inc. v. Bartolome</u>, 94 Hawai'i 422, 438-39, 16 P.3d 827, 843-44 (2000).

Accordingly, the Circuit Court did not err in entering the Order Denying Reconsideration.

For these reasons, the Circuit Court's January 9, 2014 Judgment is affirmed.

DATED: Honolulu, Hawai'i, January 23, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Daniel J. O'Meara
for Defendant-Appellant

Mitzi A. Lee
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge